UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEDRA DE LA ROSA,<br><br>                      *Plaintiff,*<br><br>      vs.<br><br>597 BROADWAY DEVELOPMENT CORP.<br><br>                      *Defendant.* | ECF Case<br><br>No. 13-CIV-7999 (LAK) (MHD)<br><br>DECLARATION OF ELIZABETH WOLSTEIN IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

      Pursuant to 28 U.S.C. § 1746, Elizabeth Wolstein declares, under penalty of perjury, that the following is true and correct:

      1.      I am a member of Schlam Stone & Dolan LLP, counsel to Defendant 597 Broadway Development Corp. ("Defendant" or the "Landlord") in the above captioned action. I submit this Declaration in support of Defendant's motion for summary judgment dismissing in its entirety the Amended Complaint (the "Complaint") of Plaintiff Dedra de la Rosa ("Plaintiff"). Unless otherwise indicated, the matters set forth below are based upon my personal knowledge and/or documents contained in my firm's files.

**The 2012 ADA Lawsuit Against The Landlord And Its Installation Of**
**A Portable Wheelchair Ramp**

      2.      In 2012, Defendant was sued in this Court by a plaintiff who alleged that he was a wheelchair user and could not gain access to the Billabong store, allegedly in violation of the Americans with Disabilities Act ("ADA") and analogous New York State and New York City laws and rules. The case was *Zoltan Hirsch v. Billabong USA Holding Pty Ltd.*, No. 12 Civ.

0868 (ALC) ("the *Hirsch* Action").  Plaintiff's counsel in the *Hirsch* Action was the Weitz Law Firm, P.A., a high volume plaintiff-side ADA firm that brought over 150 ADA actions in this District between 2009 and 2012.  *See Santiago v. Coco Nail*, 10 Civ. 3373 (ILG) (MDG), 2012 WL 1117961, at *8 n.1 (E.D.N.Y Mar. 16, 2012)

3. The *Hirsch* Action was settled before discovery, and Judge Andrew Carter dismissed the action with prejudice as to 597 Broadway in an order dated July 5, 2012.  A true copy of that order is attached hereto as Exhibit 1.

4. As part of the settlement of the *Hirsch* Action, the Landlord installed a portable wheelchair ramp to provide wheelchair access to the Billabong store.

**Procedural History**

5. Plaintiff's counsel in this action, Parker Hanski LLC, is another high-volume plaintiff's ADA litigation firm, having filed 128 ADA cases in the Southern and Eastern Districts of New York since 2011 using a small number of repeat plaintiffs, such as plaintiff Dedra de La Rosa and her mother Joyce de la Rosa.  Exhibit 2 hereto is a list of those 128 Parker Hanski cases, retrieved from Westlaw.  The original complaint in this action, a true copy of which is attached as Exhibit 3, is a boiler plate complaint that Parker Hanksi has used with little to no variation other than the name of the defendant in dozens of cases.

6. With its Answer to the original complaint, the Landlord asserted a single counterclaim seeking a declaratory judgment that its use of a portable ramp to provide wheelchair access to the Billabong store satisfies its obligations to provide such access under the ADA and analogous New York State and New York City statutes.

2

7. Within a few months, Plaintiff and co-defendant Billabong began settlement negotiations. This Court so-ordered those parties' stipulation of voluntary dismissal on June 2, 2014 under a "confidential" settlement agreement (Docket Entry 27).

8. In April 2014, on the day of Plaintiff's deposition, Plaintiff's counsel announced Plaintiff's intention to withdraw all of her claims against the Landlord other than the claims under the ADA and analogous New York State and City statutes relating to wheelchair access into the store from the outside; all her claims relating to the interior of the store; and all her claims for compensatory and punitive damages. Plaintiff and the Landlord entered into a stipulation reflecting the dismissal of those claims, and on June 4, 2014, this Court so-ordered the stipulation, dismissing with prejudice all of plaintiff's claims against the Landlord except claims for injunctive relief relating to wheelchair access into the store. A true copy of that stipulation is attached hereto as Exhibit 4.

9. On July 14, 2014, Plaintiff filed her amended complaint asserting her sole remaining claim, for disability discrimination under the ADA, New York State, and New York City statutes for the Landlord's alleged failure to provide wheelchair access to the store as required under those statutes. A true copy of Plaintiff's Amended Complaint is attached hereto as Exhibit 5. In its Answer to the Amended Complaint the Landlord reasserted its declaratory judgment counterclaim. A true copy of the Landlord's Answer to the Amended Complaint is attached hereto as Exhibit 6.

**The Landlord's Application to LPC And Request For Guidance**
**Concerning Its Proposed Ramp**

10. In May 2014, I submitted on behalf of Defendant an application to the New York City Landmarks Preservation Commission that included Mr. van den Bout's ramp design. With its application, I sent a letter requesting a meeting with LPC staff to obtain guidance concerning

the landmarks issues surrounding its ramp design.  A true copy of my May 2, 2014 letter to LPC is attached hereto as Exhibit 7.  The LPC staff person who called me in response to my letter declined to meet with me because the ramp, in the staff's view, was a non-starter.

11. I informed Plaintiff's counsel that we had made such an application and provided with a copy of our May 2014 LPC submission in response to his request for it, as shown in my June 3, 2014 email to Plaintiff's counsel attached hereto as Exhibit 15.

**Deposition Testimony Referred To In Defendant's Memorandum of Law**

12. Attached hereto as Exhibit 8 are true copies of the portions of Plaintiff's deposition transcript cited in Defendant's memorandum of law, in ascending page order.

13. Attached hereto as Exhibit 9 is a true copies of the portion of the deposition transcript of Richard Benenson cited in Defendant's memorandum of law.

14. Attached hereto as Exhibit 10 are true copies of the portions of the deposition transcript of Plaintiff's expert witness Jimmy Zuehl cited in Defendant's memorandum of law, in ascending page order.

**Identification Of Sketches Referred To In Deposition Of Jimmy Zuehl**

15. Attached hereto as Exhibit 11 is the ramp sketch attached to Mr. Zuehl's first (undated) expert report and referred to as sketch or design "1A" in Mr. Zuehl's deposition transcript.  This sketch also appears as Exhibit F to Mr. van den Bout's Declaration.

16. Attached hereto as Exhibit 12 is the ramp sketch attached to Mr. Zuehl's second expert report, dated September 29, 2014, and referred to as Appendix 2 in Mr. Zuehl's deposition transcript.  This sketch also appears as Exhibit G to Mr. van den Bout's Declaration.

17. Attached hereto as Exhibit 13 is the wheelchair lift sketch attached to Mr. Zuehl's first (undated) expert report and referred to sketch or design 2A in Mr. Zuehl's deposition transcript. This sketch also appears as Exhibit H to Mr. van den Bout's Declaration.

18. Attached hereto as Exhibit 14 is the wheelchair lift sketch attached to Mr. Zuehl's second expert report, dated September 29, 2014, and referred to as Appendix 3 in Mr. Zuehl's deposition transcript. This sketch also appears as Exhibit I to Mr. van den Bout's Declaration.

Executed: New York, New York, November 21, 2014

    / Elizabeth Wolstein