UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DEDRA DE LA ROSA,

                Plaintiff,

            -against-                              13-cv-7999 (LAK)

597 BROADWAY DEVELOPMENT CORP., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 11-19-15]

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff, who is wheelchair bound, commenced this action under the Americans With Disabilities Act ("ADA") and similar New York State and City statutes. Initially, she sought damages as well as declaratory and injunctive relief on the basis of the alleged inadequacy of access to ground floor commercial premises at 597 Broadway in Manhattan – alleged inadequacy that is said to have come about in consequence of the closing of openings in a party wall between 597 Broadway and adjacent premises at 595 Broadway in 2009. Defendant 597 Broadway Development Corp. ("Development") counterclaimed for a declaration, in substance, that it has been and is in full compliance with the relevant laws. In due course, plaintiff withdrew all claims for compensatory and punitive damages, leaving only claims for declaratory relief. Both sides then moved for summary judgment on the remaining claims.

        Magistrate Judge Michael H. Dolinger, in an exhaustive report and recommendation (the "R&R") recommended that Development's motion for summary judgment dismissing what remains of the complaint be granted except insofar as it rests on plaintiff's contention that Development is obliged to install a wheelchair lift. He recommended also that plaintiff's motion for summary judgment be (1) granted to the extent of finding that the closure of the party wall between 595 and 597 Broadway in 2009 was an "alteration" within the meaning of the ADA and pertinent regulations and, in addition, that it violated the ADA Accessibility Guidelines ("ADAAG") § 4.1.6(1)(a) in effect in 2009 and its 2010 successor, and (2) denied in all other respects.

        No one has objected to the R&R although the time within which to do so expired on October 3, 2015. On October 29, 2015, however, Development agreed to apply to the City of New York for leave to install a wheelchair lift and to install it if that approval is forthcoming. The action

has been stayed pending the outcome of that process.[1]

In the present posture of the case, Development's motion for summary judgment dismissing the complaint [DI 43] is granted except insofar as the complaint seeks an injunction requiring Development to install a wheelchair lift to facilitate entry into the ground floor premises at 597 Broadway – a claim that will remain stayed pending the outcome of Development's application to City and that could be mooted if permission is granted.

Plaintiff's motion for summary judgment is another matter. Inasmuch as plaintiff has dropped all claims for damages, the question whether the closure of the party wall was an "alteration" or violated the ADAAG in 2009-10 would be material here, if at all, only to the extent it could affect the legal standard that would be applicable to the chair lift claim, which in turn would require resolution, if at all, only if the City denies permission to install the chair lift. Accordingly, there is no basis in present circumstances to make any findings on or determinations with respect to those issues even if the record otherwise justified them. It is not the Court's function to render advisory opinions. Accordingly, plaintiff's motion for summary judgment [DI 40] is denied in all respects.

SO ORDERED.

Dated: November 19, 2015

Lewis A. Kaplan
United States District Judge

---

[1] The Court resolves the motions notwithstanding the October 29, 2015 stay of proceedings because the parties, by failing to object to the R&R by October 3, 2015, acquiesced in the R&R and its recommended dispositions.