Elizabeth Wolstein
Partner

212 612-0688
ewolstein@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

May 17, 2021

BY ECF FILING
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *De La Rosa v. 597 Broadway Development Corp.,*
      No. 13 Civ. 7999 (LAK) (GWG)

Dear Judge Gorenstein:

We represent the defendant landlord, 597 Broadway Development Corp. (the "Landlord"), in the above-referenced action, which asserts claims under the Americans with Disabilities Act and analogous New York State and New York City law.  Pursuant to the Court's May 3, 2021 order, I write respectfully to provide an update on the status of the case.

As previously reported, more than two years ago, a neighboring property, 599 Broadway, erected scaffolding and a sidewalk shed in order to perform façade work required under Local Law 11.  The scaffolding and sidewalk shed extended along the façade of the Landlord's store at 597 Broadway.  At the point in time of that installation by 599 Broadway, the Landlord was in the process of completing installation of the wheelchair lift.  However, the scaffolding and sidewalk shed were installed so close the 597 Broadway storefront that the lift installation could not be completed.  The scaffolding and sidewalk shed were installed with no notice to the Landlord's property manager and thus we had no opportunity to coordinate with 599 Broadway so as to permit completion of the lift installation and testing before the scaffolding went up.

As of this date, the scaffolding has been removed but the sidewalk shed remains, and thus the remaining work to be done to install and test the lift cannot be completed.  We have been informed by 599 Broadway that the Department of Buildings has issued a permit allowing 599 Broadway to remove the sidewalk shed between May 25 and May 27, 2021.  However, the Landlord has no control over whether the shed will in fact be removed.  Assuming the shed is removed by May 27, we will at that point schedule the Landlord's contractor to complete the wheelchair lift installation and testing, and once that is done the lift will be operable.  At that point the Landlord expects to seek dismissal of this action.

Hon. Gabriel W. Gorenstein
May 17, 2021
Page 2 of 2 Pages

Plaintiff writes to advise that she will confer with defendant regarding resolution of this matter after it advises that the lift is operational.

Thank you for your consideration of this matter.

Respectfully,

*Elizabeth Wolstein*

Elizabeth Wolstein


cc: Glen Parker, Esq. (by ECF filing)
    Adam Hanski, Esq. (by ECF filing)